NUMBER 13-08-00699-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


MICHAEL ANTHONY BRASFIELD, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of San Patricio County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides

Memorandum Opinion by Justice Yañez


 Appellant, Michael Anthony Brasfield, pleaded guilty in 2007 to one count of 
aggravated sexual assault, a first-degree felony. (1) The trial court deferred adjudication, placed appellant on community supervision for
five years, and ordered him to pay a fine of $1,500 and court costs. In September 2008,
the State filed a motion to revoke, alleging various violations of the terms of his
community supervision. Appellant answered "true" to some of the violations, and "not
true" to others. Following a hearing, the trial court adjudicated him guilty and sentenced
him to ten years' imprisonment in the Institutional Division of the Texas Department of
Criminal Justice. Appellant appeals the revocation of his community supervision. (2)

 Appellant's appellate counsel, concluding that "the appeal in this cause is
frivolous and without merit," filed an Anders (3) brief, in which she reviewed the merits, or
lack thereof, of the appeal. We modify the judgment, and as modified, affirm. (4) 

I. Discussion

 Pursuant to Anders v. California, (5) appellant's court-appointed appellate counsel
has filed a brief with this Court, stating that her review of the record yielded no grounds
or error upon which an appeal can be predicated. Although counsel's brief does not
advance any arguable grounds of error, it does present a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced on appeal. (6) 

 In compliance with High v. State, (7) appellant's counsel has carefully discussed
why, under controlling authority, there are no errors in the trial court's judgment. 
Counsel has informed this Court that she has: (1) examined the record and found no
arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's
motion to withdraw on appellant, and (3) informed appellant of his right to review the
record and to file a pro se response. (8) More than an adequate period of time has
passed, and appellant has not filed a pro se response. (9) 

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. (10) We have reviewed the
entire record and counsel's brief and have found nothing that would arguably support an
appeal. (11) 

 In our review of the record, however, we note that there is a variation between
the oral pronouncement of sentence and the written judgment. The judgment states
that the sentence is ten years' imprisonment and a $1,500 fine. However, the sentence,
as announced in open court, was as follows:

[Court]: . . . I'm going to find you guilty of the offense of aggravated sexual
assault as alleged in the indictment in this case, assess punishment at ten
years['] confinement in the Institutional Division of the Texas Department
of Criminal Justice. No fine will be assessed in this particular matter, fine
is not an issue. 


 When there is a variation between the oral pronouncement of sentence and the
written memorialization of the sentence, the oral pronouncement controls. (12) Here, the
record is clear that no fine was imposed. 

 When, as here, the court of appeals has the necessary data and evidence before
it for reformation, an erroneous judgment may be reformed on appeal. (13) We will reform
the judgment to delete the $1,500 fine. As reformed, we affirm the judgment of the trial
court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for
permission to withdraw as counsel for appellant. (14) We grant counsel's motion to
withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send
a copy of the opinion and judgment to appellant and to advise appellant of his right to
file a petition for discretionary review. (15) 

 

 LINDA REYNA YAÑEZ,

 Justice


Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 25th day of August, 2009.
1. [1] See Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2008).
2. [2] We note that the record contains the trial court's certification, which states that this case "is not a plea-bargain case, and the defendant has the right of appeal." See Tex. R. App. P. 25.2 (a)(2). 
3. [3] See Anders v. California, 386 U.S. 738, 744 (1967). 
4. [4] See Tex. R. App. P. 43.2(b).
5. [5] See Anders, 386 U.S. at 744. 
6. [6] See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need
not specifically advance 'arguable' points of error if counsel finds none, but it must provide record
references to the facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v.
State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991). 
7. [7] High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).
8. [8] See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at
409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with
the rules of appellate procedure in order to be considered. Rather, the response should identify for the
court those issues which the indigent appellant believes the court should consider in deciding whether the
case presents any meritorious issues." In re Schulman, 252 S.W.3d at 409 n.23 (quoting Wilson v. State,
955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
9. [9] See In re Schulman, 252 S.W.3d at 409. 
10. [10] Penson v. Ohio, 488 U.S. 75, 80 (1988). 
11. [11] See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record
for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate
Procedure 47.1."); Stafford, 813 S.W.2d at 509.
12. [12] See Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).
13. [13] See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). 
14. [14] See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State,
903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal
is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that
the appeal is frivolous.") (citations omitted)). 
15. [15] See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish
to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any
petition for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition
for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for discretionary review should comply with
the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.